IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**CHRISTOPHER MUSTEEN**                                                      **PLAINTIFF**

**V.**                               **CASE NO. 5:24-CV-05243**

**COMMISSIONER, Social
Security Administration**                                                    **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Currently before the Court are the Report and Recommendation ("R&R") (Doc. 14) of the Honorable Spencer G. Singleton, United States Magistrate Judge for the Western District of Arkansas, and Plaintiff Christopher Musteen's Objection to the R&R (Doc. 15). The R&R advises the Court to affirm the Administrative Law Judge's ("ALJ") decision to deny social security disability benefits to Mr. Musteen. In light of Mr. Musteen's objection, the Court has now reviewed the entire case *de novo*, as is required by 28 U.S.C. § 636(b)(1)(C). For the reasons stated herein, the Court **ADOPTS** the R&R and **AFFIRMS** the ALJ's decision.

### I. BACKGROUND

Mr. Musteen filed his application for disability insurance benefits on January 22, 2021, alleging he suffered from PTSD, lumbosacral injury, left and right lower radiculopathy, tension headaches, traumatic brain injury, right lateral collateral ligament sprain, left shoulder impingement syndrome, and arthritis—with an alleged onset date of December 30, 2020. Mr. Musteen's application was initially denied on June 9, 2021, and again denied upon reconsideration on October 8, 2021. He filed an appeal and requested an administrative hearing, which was held on August 18, 2022. The ALJ issued an

1

unfavorable decision on September 6, 2022. Mr. Musteen then filed a Request for Review of Hearing with the ALJ on October 11, 2022, which was remanded by the Appeals Council on August 9, 2023.

On remand, Mr. Musteen had a second hearing on February 8, 2024, where he and Vocational Expert Katrina Mason both testified. Mr. Musteen was represented by Kenneth Kieklak at the second hearing. Following the hearing, the ALJ entered an unfavorable decision on May 13, 2024. In this decision, the ALJ determined that Mr. Musteen had the following severe impairments: unspecified trauma-related disorder; unspecified anxiety; degenerative disc disease of the cervical and lumbar spine; left clavicle acromioplasty with ongoing pain; right ankle stress fracture and tenosynovitis; right elbow pain; and headaches. However, the ALJ concluded that these impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments in Appendix I, Subpart P, Regulation No. 4.

According to the ALJ, Mr. Musteen retained the residual functional capacity ("RFC") to perform sedentary work with several postural, manipulative, environmental, and mental restrictions. With the help of vocational expert testimony, the ALJ concluded that there were jobs that existed in significant numbers in the national economy that Mr. Musteen could perform, given his functional restrictions. Social Security Disability Benefits were therefore denied.

## II. LEGAL STANDARD

The Court reviews "the ALJ's denial of disability insurance benefits *de novo* to ensure that there was no legal error and that the findings of fact are supported by substantial evidence on the record as a whole." *Brown v. Colvin*, 825 F.3d 936, 939 (8th

Cir. 2016); *see also* 42 U.S.C. § 405(g). "Substantial evidence is less than a preponderance," but it is enough that "a reasonable mind would find adequate to support the Commissioner's conclusion." *Blackburn v. Colvin*, 761 F.3d 853, 858 (8th Cir. 2014) (internal quotations omitted). The Court considers "evidence that both supports and undermines the Commissioner's decision in deciding whether existing evidence is substantial." *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015). The Court must affirm the ALJ's decision if the record as a whole contains substantial evidence to support it. *Id.* As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the Court must affirm the ALJ's decision. *Id.*

### III. OBJECTION

Mr. Musteen argues that the ALJ erred in evaluating the extent of his disability when determining his RFC and that the Magistrate Judge overlooked this error in the R&R. Specifically, Mr. Musteen claims that the RFC should have included additional limitations based on his headaches. Mr. Musteen testified to various subjective symptoms that he claims result in "significant barriers to work," such as light sensitivity, dizziness, fatigue, nausea, irritability, slowness in mental functioning, and the amount of time he would be off-task or away from work due to the aforementioned symptoms. (Doc. 15, p. 6). Mr. Musteen contends that the ALJ erred by not including these limitations in his RFC while

3

"providing no reason to reject Musteen's testimony." *Id.* However, after review, the Court finds substantial evidence in the record supporting the ALJ's RFC determination.

A social security claimant's RFC is "the most [he] can still do despite [his] limitations." 20 C.F.R. § 404.1545(a)(1). It is well established that a "claimant's RFC is a medical question" regarding "the claimant's ability to function in the workplace." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016). An RFC determination must be "based on all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of [his] limitations." *Id.* The claimant carries "[t]he burden of persuasion to prove disability and to demonstrate RFC." *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005).

Moreover, "[t]he ALJ may disbelieve subjective complaints if there are inconsistencies in the evidence as a whole." *Id.* at 792 (internal quotation omitted). "The credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts." *Pearsall v. Massanari*, 274 F.3d 1211, 1218 (8th Cir. 2001). "In analyzing a claimant's subjective complaints . . . an ALJ must consider: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the condition; (3) dosage, effectiveness, and side effects of medication; (4) precipitating and aggravating factors; and (5) functional restrictions." *Wildman v. Astrue*, 596 F.3d 959, 968 (8th Cir. 2010) (citation modified). These factors are derived from the Eighth Circuit's decision in *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). "If an ALJ explicitly discredits a claimant's testimony and gives good reason for doing so," the court will "defer to that judgment." *Hogan v. Apfel*, 239 F.3d 958, 962 (8th Cir. 2001) (quoting *Dixon v. Sullivan*, 905 F.2d 237, 238 (8th Cir. 1990)).

In this matter, the ALJ determined that Mr. Musteen retained the RFC to perform sedentary work except that he could occasionally climb, balance, stoop, kneel, crouch, and crawl; could occasionally overhead reach bilaterally; and could have no concentrated exposure to hazards such as dangerous machinery and unprotected heights. (Doc. 8, p. 21). Additionally, the ALJ determined that Mr. Musteen was able to do work only where interpersonal contact is routine but superficial; the complexity of tasks is learned by experience with several variables and judgment within limits; and the supervision required is little for routine, but detailed for non-routine, tasks. *Id.* The ALJ indicated that he properly considered and evaluated Mr. Musteen's subjective complaints in view of the *Polaski* factors and further explained that Mr. Musteen's "statements about the intensity, persistence, and limiting effects of his symptoms" were "not entirely consistent with the medical records" and other evidence in the record. *Id.* at pp. 30–34.

For example, Mr. Musteen reported that he takes his children to school each morning and picks them up in the afternoon; helps care for pets; does daily chores and/or errands; is able to perform personal care tasks without problems; prepares simple foods regularly; uses a riding lawn mower; does house hold tasks, such as light cleaning, laundry, and ironing; drives a vehicle; uses a phone and computer; independently shops online and in stores; is able to count change and pay bills; enjoys reading; is able to leave his home unaccompanied; and follows written instructions fairly well. *Id.* at p. 32. Even if Mr. Musteen qualified some of these activities by saying he could only perform them occasionally or with breaks, the ALJ correctly concluded that Mr. Musteen is still able to engage in gainful activities despite suffering some minor degree of limitation.

Similarly, the treatment records reflect that Mr. Musteen goes to the gym regularly (and was observed by his orthopedist to be very muscular), does yard work, plays basketball, drives during extended road trips, participates in social activities for his children, and was able to work part-time at the post office. *Id.* Likewise, Mr. Musteen has no physician-imposed functional restrictions that would preclude work activity pursuant to his RFC. Another relevant *Polaski* factor considers the "dosage, effectiveness, and side effects of medication." *Wildman*, 596 F.3d at 968. The record shows that Mr. Musteen's headaches and related symptoms improve with treatment and medications. Specifically, Mr. Musteen receives regular Botox injections that reduce the frequency and severity of his migraine headaches. *Id.* at p. 31. "An impairment which can be controlled by treatment or medication is not considered disabling." *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002).

In his objection, Mr. Musteen fails to recognize that his RFC was influenced by the ALJ's decision to "discredit[ ]" his allegations regarding the severity of his headache-related limitations because they were inconsistent with the record, including his daily living activities and response to treatment. *Hogan*, 239 F.3d at 962. The Court "give[s] the ALJ deference in that determination." *Tellez v. Barnhart*, 403 F.3d 953, 957 (8th Cir. 2005). Thus, "the ALJ was not obligated to include limitations from opinions he properly disregarded." *Wildman*, 596 F.3d at 969. Both the ALJ and the R&R correctly noted that Mr. Musteen suffers to some extent from migraine headaches; however, Mr. Musteen did not demonstrate that his migraine-related symptoms rendered him unable to perform the activities identified in the ALJ's RFC determination.

6

Because the ALJ appropriately considered the medical evidence supporting Mr. Musteen's headache-related claims and nonetheless determined that he could perform sedentary work with some limitations, the Court concludes that Mr. Musteen's RFC determination is supported by substantial evidence in the record. Accordingly, the ALJ properly included only those limitations supported by the record as a whole in the hypothetical question posed to the vocational expert while excluding other alleged limitations that the ALJ had reason to discredit. *See Haggard v. Apfel*, 175 F.3d 591, 595 (8th Cir. 1999) (holding an ALJ need not include additional complaints in the hypothetical not supported by substantial evidence). Therefore, the Court finds no error of law, and substantial evidence in the record as a whole supports the ALJ's decision.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Objection is **OVERRULED**, the Magistrate Judge's R&R is **ADOPTED**, and the ALJ's decision to deny benefits is **AFFIRMED**. Plaintiff's case is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED** on this _20th_ day of March, 2026.

_____
TIMOTHY L. BROOKS
CHIEF UNITED STATES DISTRICT JUDGE

7